UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL LESSARD, et al.,

    Plaintiffs,

v.

                                          Civil Nos. 00-74306
                                                       87-70992
                                                    Hon. John Feikens

CITY OF ALLEN PARK, et al.,

    Defendants.

_____/

LARRY PAGE, et al.,

    Plaintiffs,

v.                                                Civil Nos. 00-75626
                                                     73-71100

CITY OF INKSTER, et al.,

    Defendants.

_____/

| MACUGA & LIDDLE, P.C. | SECREST, WARDLE, LYNCH, HAMPTON, |
|---|---|
| PETER W. MACUGA (P 28114) | TRUEX AND MORLEY |
| STEVEN D. LIDDLE (P 45110) | EDWARD D. PLATO (P 29141) |
| DAVID R. DUBIN (P 52521) | Attorney for Defendants CITY OF TAYLOR, |
| Attorneys for Plaintiffs | CITY OF INKSTER & CITY OF LINCOLN PARK |
| 975 E. Jefferson Avenue | 30903 Northwestern Highway |
| Detroit, MI 48207 | P.O. Box 3040 |
| (313) 392-0015 | Farmington Hills, MI 48333-3040 |
| | (248) 851-9500 |

_____/

**BRIEF OF DEFENDANTS, CITY OF TAYLOR,
CITY OF INKSTER & CITY OF LINCOLN PARK, REGARDING THE
ELEMENTS OF INTENT & PERMANANCE IN A CONSTITUTIONAL CLAIM
FOR TAKING PROPERTY WITHOUT COMPENSATION**

**INTRODUCTION:**

    At a Rule 16 Pre-Trial Conference on May 7, 2003, this Court invited the parties to submit additional briefs on whether a constitutional claim for taking property without

compensation has required elements of intent and permanence. Defendants submit this brief in response to the Court's invitation.

### A. TO CONSTITUTE A TAKING, THERE MUST BE AN INTENTION TO TAKE BY THE GOVERNMENT.

An accidental or negligent impairment of a property right is not a taking. The Plaintiff must establish that the government intended to take his property, or at a minimum that the taking was the direct and natural result of the government's action. *Teegarden v United States*, 42 Fed. CL, 252 (1998) and *Columbia Basin Orchard v United States*, 132 CT CL 445, 450 (1955). In *Columbia Basin Orchard*, the Court explained that an accidental or negligent impairment of the value of private property is not a taking, but, at most, a tort.

Takings involve the government's intention to take the property of another for a governmental purpose. *Baird v United States*, 5 CL CT, 324, 329 (1984), *National By-Prods, Inc v United States*, 186 CT CL 546, 577 (1969).

Conversely, damages caused by faulty, negligent, or improper implementation of a governmental project is a tort but does not constitute a taking. *Thun v U.S.*, 41 Fed. CL 49 (1988).

It is clear any taking analysis requires an affirmative or intentional act on the part of the governmental defendant that results in an intended or designed intrusion on, and consumption of, the Plaintiff's property.

*Peterman v Department of Natural Resources*, 446 Mich 177 (1994) is no exception to this analysis. In *Peterman*, the plaintiffs alleged a defacto unconstitutional taking against the Michigan Department of Natural Resources as a result of the destruction of their beachfront property. The plaintiffs owned a parcel of lakefront property with a 20-foot-wide

2

sandy beachfront. However, in 1980, the Michigan Department of Natural Resources constructed a boat-launch ramp approximately 30 feet north of plaintiffs' property and the DNR installed jetties that extended 30 feet into the bay to prevent the build up of sand on the boat launch and to dissipate energy from waves. The jetties worked so well that by August of 1980, the plaintiffs' beach had virtually disappeared. Two months later, in October, the plaintiffs lost not only their beach but also a large tree, grass, and other land above the high-water mark.

The Supreme Court in *Peterman* did not set forth any clear test of what action by the government was necessary to constitute an unconstitutional taking. However, the Supreme Court specifically noted that "the trial court found that defendants' actions were the proximate cause of the destruction of plaintiffs' beachfront property" and that the DNR had "undoubtedly set into motion the destructive forces that caused the erosion and eventual destruction of the property." *Peterman*, at 191. The Court further noted that the DNR had been "forewarned that the construction of the jetties could very well result in the washing away of plaintiffs' property" and that the DNR had constructed the jetties over the protests of the plaintiffs. The Court concluded, "the effect of defendants' actions were no less destructive than bulldozing the property into the bay." *Peterman*, at 191.

Accordingly, although no clear test was announced by the Supreme Court in *Peterman*, the Court's recognition that the defendant was the "proximate cause of the destruction of plaintiffs' beachfront property" that the defendant "set into motion the destructive forces" and that "the destruction of plaintiffs' property was the natural and direct result of the defendants' construction of the boat launch" clearly invoke an element of intent to establish an unconstitutional taking.

3

The Defendant municipalities and Wayne County certainly did not design the downriver sewer system with the intended, expected, and/or natural result of flooding the Plaintiffs' properties.

Absent evidence of "intent" on the part of the government to take Plaintiffs' property, Plaintiffs' claims fall short of unconstitutional taking and are, at best, theories of liability sounding in tort.

### B. TO CONSTITUTE A TAKING THERE MUST BE A PERMANENT INVASION OF PROPERTY WHICH IS THE DIRECT RESULT OF GOVERNMENT ACTION.

In cases involving a physical invasion onto property, the Courts have required evidence of a "permanent" as opposed to "temporary" invasion, which is the direct result of a governmental action and evidence that the property owner has been deprived of all or most of its interest in the property.

In *Loretto v Teleprompter Manhattan CATV Corp,* 458 US 419 (1982), the U.S. Supreme Court noted that it "has consistently distinguished between flooding cases involving a permanent physical occupation, on the one hand, and cases involving a more temporary invasion, or governmental action outside the owner's property that causes consequential damages within, on the other. A taking has always been found *only* in the former situation. *Id.*, at 428.

The court in *Loretto,* also noted that temporary invasions like intermittent flooding are treated differently because "they do not absolutely dispossess the owner of his rights to use, and exclude others from, his property." *Id.*

4

In *Sanguinetti v US*, 264 US 146 (1924), the court concluded that a mere temporary invasion of property resulting in a temporary injury did not constitute a taking. In *Sanguinetti*, the plaintiff's land was allegedly flooded by a government canal project.

The application of these principles of law clearly demonstrates that no taking occurred in the instant case. Water from the sewer back-up entered and remained on Plaintiffs' property for only minutes and not days, weeks or months. The water caused personal property damage only. It did not dispossess Plaintiffs on the property. The allegations and undisputed facts reveal that no taking occurred.

The municipalities had no intent to take the Plaintiffs' properties. The alleged taking was not the direct, natural and probable consequence of the government's action in maintaining the sewer systems, and instead was caused by a random event induced by a natural phenomenon, record-breaking rainfall and not by government interference. In addition, the alleged "taking" in these cases did not constitute an actual permanent invasion of the land, amounting to an appropriation of and practical ouster of possession, and not merely injury, to the property.

### C. MICHIGAN DOES NOT RECOGNIZE A DAMAGE REMEDY AGAINST A MUNICIPALITY FOR A VIOLATION OF THE MICHIGAN CONSTITUTION.

A claim asserting a violation of the Michigan Constitution, including a claim for an "unconstitutional taking", <u>can only be made against the State of Michigan</u>. In *Jones v Powell*, the Michigan Supreme Court held that there is <u>no damage remedy</u> for violation of the Michigan Constitution <u>against a municipality</u> or other political subdivision. *Jones v Powell*, 462 Mich 329, 333, 335, 337; 612 NW2d 423 (2000).

5

In *Jones*, this Court agreed with the Michigan Court of Appeals' analysis of this Court's opinion in *Smith v Dep't of Public Health*, 428 Mich 540 (1987), aff'd sub nom *Will v Dep't of State Police*, 491 US 58; 109 S Ct 2304 (1989), which was as follows:

> [W]e read *Smith* as recognizing a narrow remedy against the state where none otherwise would have existed. Conversely, we believe that none of the concerns identified in *Smith* that support a damage remedy for violations of the state constitution are applicable when the party that is alleged to have violated a plaintiff's state or federal constitutional rights is a municipality or an individual municipal employee rather than the state.
>
> In cases involving entities other than the state as a party defendant, the plaintiffs have available a number of alternative remedies. This is because municipalities, unlike states and state officials sued in an official capacity, are not protected by the Eleventh Amendment, which, of course, safeguards the state's sovereignty in our federal system of government. . . *Jones*, 462 Mich at 333-334.

This Court concluded, in *Jones*, that it "agree[d] with the Court of Appeals' majority that our decision in *Smith* provides <u>no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality</u> or an individual governmental employee." *Id.* at 335. In reaching that conclusion, this Court noted that its review in *Smith* "focused on whether such a remedy should be inferred against the state. . ." *Id.* at 335-336. This Court explained further that:

> *Smith* only recognized a narrow remedy against the state on the basis of the unavailability of any other remedy. Those concerns are inapplicable in actions against a municipality or an individual defendant. Unlike states and state officials sued in an official capacity, municipalities are not protected by the Eleventh Amendment. * * * A plaintiff may sue a municipality in federal or state court under 42 USC 1983 to redress a violation of a federal constitutional right. *Id.* at 337.

Thus, neither this Court's opinion in *Smith* nor its opinion in *Jones*, supports the conclusion that the Plaintiffs have a damage remedy available under the "Takings Clause" of the Michigan Constitution for the alleged taking on their property.

6

Therefore, the Plaintiffs do not have a damage remedy against municipalities for violation of the "Taking Clause" of the Michigan Constitution.

Respectfully submitted,

SECREST, WARDLE, LYNCH, HAMPTON,
TRUEX AND MORLEY

BY: *Edward D. Plato*
EDWARD D. PLATO (P 29141)
Attorney for Defendants, CITY OF TAYLOR,
CITY OF INKSTER & CITY OF LINCOLN PARK
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
(248) 851-9500

Dated: May 14, 2003

**PROOF OF SERVICE**

STATE OF MICHIGAN )
) ss
COUNTY OF OAKLAND )

SHERRI A. KIRBY, first being duly sworn, deposes and states that on the 14th day of May, 2003, she served a true copy of the within BRIEF OF DEFENDANTS, CITY OF TAYLOR, CITY OF INKSTER & CITY OF LINCOLN PARK, REGARDING THE ELEMENTS OF INTENT & PERMANANCE IN A CONSTITUTIONAL CLAIM FOR TAKING PROPERTY WITHOUT COMPENSATION upon the attorneys listed on the attached Service List by depositing same in the United States mail with postage fully prepaid thereon.

*Sherri A. Kirby*
SHERRI A. KIRBY

7

## SERVICE LIST

R. Craig Hupp, Esq.
G. Christopher Bernard, Esq.
34th Floor, 100 Renaissance Center
Detroit, MI 48243

Kurt Heise, Esq.
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road, #G-1
Livonia, MI 48150

James T. Mellon, Esq.
Mellon, McCarthy & Van Dusen
2301 W. Big Beaver Rd., Ste. 500
Troy, MI 48084

Floyd Virant, Esq.
Patrick, Johnson & Mott, P.C.
27777 Franklin Rd., Ste. 1100
Southfield, MI 48034

Kerry L. Morgan, Esq.
Pentiuk, Couvreur & Kobiljak, PC
20300 Superior St.
Ste. 230 Superior Place
Taylor, MI 48180-6303

Lucy Ford, Esq.
UAW-Ford Legal Services Plan
20600 Eureka Rd., Ste. 620
Taylor, MI 48180

Kenneth A. Slusser, Esq.
Marcia Howe, Esq.
Johnson, Rosati, et al
34405 W. Twelve Mile Rd.
Ste. 200
Farmington Hills, MI 48331-5627

John J. Gillooly, Esq.
Garan Lucow Miller, PC
1000 Woodbridge St.
Detroit, MI 48207
434599_1

Timothy S. Ferrand, Esq.
Cummings, McClorey, Davis & Acho, P.L.C.
25509 Kelly Road, Ste. C
Roseville, MI 48066

Patrick McCauley, Esq.
Sommers, Schwartz, Silver & Schwartz, PC
2000 Town Center, Ste. 900
Southfield, MI 48075

Peter W. Macuga, Esq.
Steven D. Liddle, Esq.
Macuga & Liddle, PC
975 East Jefferson
Detroit, MI 48207-3101

Ronald Haystead, Esq.
Law Offices of R. Thomas Bidari
3035 Biddle Ave.
Wyandotte, MI 48034

Alyssa J. Enchnan, Esq.
Grotefeld & Denenberg
30800 Telegraph Road
Ste. 3858
Bingham Farms, MI 48025

William Colovos, Esq.
13400 Dix-Toledo Road
Southgate, MI 48195

Gregory S. Pierce, Esq.
Ava Ortner, Esq.
Kotz, Sangster, Wysocki & Berg, PC
400 Renaissance Center
Ste. 2555
Detroit, MI 48243-1602