# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *et al.*

        Plaintiffs,                                  Civil Action No. 87-70992
                                                                    Hon. John Feikens
        v.

WAYNE COUNTY, *et al.*

        Defendants.
_____/

**ORDER APPROVING**
**JOINT MOTION TO TERMINATE THE CONSENT DECREE**

Eighteen parties to this action, both Plaintiffs and Defendants, move jointly for the termination of the Consent Decree[1] entered on May, 24, 1994 (also called the Second Amended Consent Decree, and hereinafter "the Decree"). There have been no objections. For the reasons stated below, I GRANT that motion.

In determining whether to terminate supervision or jurisdiction over a consent decree, a court looks first to the terms of the decree itself. Heath, *et al.* v. DeCourcy, *et al.*, 992 F.2d 630, 633 (6th Cir. 1993) (citing Youngblood v. Dalzell, 925 F.2d 954, 961 (6th Cir. 1991)). Beyond any terms detailing the conditions under which the decree can terminate, I must consider: (1) the underlying goals of the Decree; (2) whether there has been compliance with my prior orders; (3) whether Defendants have made a good faith effort to comply; (4) the length of time the decree has been in effect; and (5) the continuing efficacy of the consent decree's enforcement. Id.

---

[1] The parties make no such motion for the 1994 Financing Plan and its supplements, which govern the continuing financial obligations of the parties for those actions needed to satisfy the Decree and its predecessors. That plan will remain in full force and effect and within this Court's oversight. (See Mt. ¶14.)

**I. Terms of the Decree**

Paragraph 68 of the Decree provides that either Plaintiffs or Defendants can move for termination of the Decree. Plaintiffs can move for termination after all civil penalties due have been paid and after completion of the facilities required in paragraphs five through seven (sewer rehabilitation, wastewater treatment plant improvements, and facilities for collection and storage-transport). Defendants can move for termination following certification that they have completed all those requirements, plus two more: elimination of unpermitted bypass and outflow at all points in the system, and compliance with their discharge permit for at least a year.

All movants agree that the required facilities are complete. (Mt. ¶8.) Defendants have paid or otherwise resolved the stipulated penalties for violations occurring before March 31, 2005. (See May 2, 2005 Order.) The plant also violated its permit in April of 2005. All movants maintain that this violation is "most appropriately dealt with outside the scope of the 1994 Consent Decree" and there are no stipulated penalties due for this violation. (Mt. ¶11, 12.) Because all required facilities have been built, stipulated penalties have been paid, and Plaintiffs move for termination, the Decree's requirements for termination are satisfied.[2]

**II. Underlying Goals**

The underlying goal of the Decree was to bring the downriver sewer system, including the Wyandotte Wastewater Treatment Plant, into compliance with federal and state environmental laws, notably the Clean Water Act. Hundreds of millions of dollars have been spent in furtherance of those goals since the filing of this suit. Violations of the permit are now

---

[2] It is not necessary for me to make a finding as to whether the additional two requirements for Defendants' Motion to terminate have been satisfied, and in the interests of judicial economy, I will not do so.

occasional, and Defendants have worked diligently to address new problems as they have arisen. The construction mandated by the Decree has demonstrated the ability to cope with wet weather flows. (Mt. ¶9.) Thus, I find that the spirit as well as the letter of the Decree has been satisfied.

### III. Compliance with Prior Court Orders

There are no outstanding motions regarding violations of this Court's orders. I am satisfied that Defendants have met the requirements of the orders of this Court in its oversight of the Decree.

### IV. Good Faith Effort to Comply

Defendants have broken what was a long habit of nonchalant noncompliance. They now can and do take the responsible, proactive approach necessary to meet their ongoing legal obligations to protect the environment while providing vital sewerage services. Defendants will need to continue in this spirit of good faith to satisfy the demands of federal and state law. In the coming years, as our infrastructure ages, all communities in Southeast Michigan will need to continue to make significant and costly improvements to our infrastructure. Through a collaborative effort, the parties can continue the progress made under the Decree. I urge all parties to focus their energies on finding ways to cooperatively meet that challenge instead of resorting to litigation yet again.

### V. Length of Time

The Complaint in this case was filed on March 18, 1987. The Consent Decree was entered in May of 1994, and amended twice in 1998. Thus, I have been exercising jurisdiction

over this case for nearly two decades. Now that the parties have demonstrated their ability to meet their legal obligations, it is appropriate for me to end my long period of oversight.

**IV. Continuing Efficacy of the Decree**

The movants agree that new violations are most appropriately dealt with outside the scope of the 1994 Consent Decree. I too believe that it will be more efficient for all parties to work cooperatively to solve new issues than it is to continue attempts to address these disputes in the context of this litigation.

**CONCLUSION**

After nearly two decades of oversight, I find that the requirements for termination of the Decree have been satisfied at long last, and therefore, I GRANT the motion.

**IT IS SO ORDERED.**

Date:  November 28, 2005             s/John Feikens
                                     United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on November 28, 2005, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager